IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| IN THE MATTER OF THE ARREST OF<br><br>**Julissa Carter** | Case No. 3:21-cr-00083-MMS<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT**

I, SA Jolene Goeden, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a Criminal Complaint for Julissa Carter. An investigation has revealed that there is probable cause to believe that Carter has committed a violation of 18 U.S.C § 752(a), Instigating or Assisting an Escape; and 18 U.S.C. § 3146(a)(2) and 2, Failure to Appear.

2. I have been a Special Agent with the Federal Bureau of Investigation (FBI) since March 2004. Since that time, I have been assigned investigative responsibilities in the areas of crimes against children, human trafficking, violent gangs and criminal enterprises investigations in the FBI Anchorage Field Office, where I am currently assigned. The Anchorage Field Office is located within the District of Alaska. During this assignment, I have focused on child pornography, kidnapping, human trafficking, drug, violent gang, criminal enterprises, and felon in possession of a weapon investigations. I have been involved in cases involving the investigation and prosecution of defendants for violations of Title 18 of the United States Code. Further, I have conducted and



participated in a number of search warrants, arrest warrants, and interviews of people involved in federal crimes and criminal enterprises.

3. Because I submit this affidavit for the limited purpose of securing an arrest warrant, I have not included each and every fact known to me or the government. I have only included those facts necessary to establish probable cause to believe that evidence of violations, or attempted violations, of 18 U.S.C § 752(a), Instigating or Assisting an Escape, respectively; and 18 U.S.C. § 3146(a)(2) and 2, Failure to Appear, have been committed, and that Carter is the person who committed those offenses.

## RELEVANT STATUTES

4. This search warrant applications seeks evidence, instrumentalities, contraband, or fruits of the following crimes:

    a. 18 U.S.C § 752(a), Instigating or Assisting an Escape, states as follows:

> Whoever rescues or attempts to rescue or instigates, aids or assists the escape, or attempt to escape, of any person arrested upon a warrant or other process issued under any law of the United States, or committed to the custody of the Attorney General or to any institution or facility by his direction, shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined under this title or imprisoned not more than five years, or both; or, if the custody or confinement is for extradition, or for exclusion or expulsion proceedings under the immigration laws, or by virtue of an arrest or charge of or for a misdemeanor, and prior to conviction, be fined under this title or imprisoned not more than one year, or both.

    b. 18 U.S.C. § 3146(a)(2), Failure to Appear, states as follows:

> Whoever, having been released under this chapter knowingly (1) fails to appear before a court as required by the conditions of release; or (2) fails to surrender for service of sentence pursuant to a court order; shall be punished as provided in subsection (b) of this section.

WB 20210217

5.      18 U.S.C. § 2 makes any person who "willfully causes an act to be done which if directly performed by [them] or another would be an offense against the United States punishable as a principal."

## PROBABLE CAUSE

*Tristan Grant Prior History and Connection to Julissa Carter*

6.      On December 12, 2018, Tristan Grant shot a female acquaintance. He was arrested later that day by the Anchorage Police Department and charged with Assault 1. On January 15, 2019, a federal grand jury indicted Grant for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (a)(2). Following his initial appearance on the federal Grant was first indicted federally and remanded federally to the Anchorage Correctional Complex (ACC). Until February 16, 2021, Grant has been in continuous custody since his December 12, 2018, arrest for both the state and federal charges.

7.      On November 21, 2019, the federal grand jury returned a Fourth Superseding Indictment, charging Grant with the following violations: Count 1 – Conspiracy to Engage in Sex Trafficking of Minors 18 U.S.C. § 1594(c); Counts 2 to 5 – Sex Trafficking of a Minor 18 U.S.C. § 1591; Counts 6 to 8 – Sexual Exploitation of a Child Production of Child Pornography 18 U.S.C. § 2251(a), (e); and Counts 9 to 10 – Felon in Possession of a Firearm and Ammunition 18 U.S.C. § 922(g)(1) and 924(a)(2).

8. On January 29, 2021, Grant had a bail hearing in the United States Magistrate Court for the District of Alaska. Grant proposed Julissa Carter as his third-party custodian. In her application, Carter stated she resided at the SUBJECT PREMISES and provided her cellular telephone number as (907) 301-6941. She indicated she had known Grant for ten years. Carter was not an approved third party and Grant's request for bail was denied. Carter appeared via video from Grant's attorney's office in downtown Anchorage for this hearing on January 29, 2021. A short time later, Carter was served with a trial subpoena by FBI Special Agent Jolene Goeden at the SUBJECT PREMISES.

9. Your affiant knows Carter to be a longtime associate of Grant. After Grant shot a female acquaintance, he fled from the female's apartment and ultimately contacted Carter, asking her to bring him items from her apartment that belonged to Grant. These items included two firearms, as well as a Sony camera that contained videos of Grant engaged in sex acts with a minor. When he was arrested by APD, Grant was the passenger in a Jeep being driven by Carter. Later that day, APD contacted Carter at her apartment and recovered multiple items belonging to Grant. Carter told APD at that time that she had been asked by Grant to bring to him items that she stored in her apartment for him. She denied any knowledge of the firearms.

10. On January 17, 2019, United States Magistrate Judge Scoble issued search warrant 3:19-mj-00035-MMS for the search of 801 Karluk #209, Anchorage. At the time, this was the residence of Carter. The search involved looking for property of Grant.

4

*Tristan Grant Flees from Custody*

11.     On February 12, 2021, the United States Magistrate Court for the District of Alaska granted Grant's motion for limited pretrial release from his place of confinement at Anchorage Correctional Center (ACC) pursuant to 18 U.S.C. § 3142(i).  The purpose of this release was to allow Grant to meet with his attorney to prepare for his pending federal trial, scheduled to begin on February 22, 2021.  Those meetings were to occur at Grant's attorney's office in downtown Anchorage.  The Magistrate Court authorized Grant's release to Monte Hernandez, a defense investigator who was deemed an "appropriate person" under the statute, and directed that Grant be within Mr. Hernandez's or his attorney's continuous "sight and sound presence" while away from Anchorage Correctional Center.   It was approved for Grant to meet with his attorney on February 16, 2021, from 10:00 am to 5:00 pm.  Grant was ordered to be returned to custody by 5:00 p.m.

12.     On February 16, 2021, Mr. Hernandez picked up Grant from ACC.  At approximately 4:42 p.m., Ms. Hernandez called APD to report that Grant had run away from his custody and was last seen in the area of 303 K Street.  Grant fled as Mr. Hernandez was transporting him back to ACC.

13.     Anchorage Police responded to the area and attempted to locate Grant.  Anchorage Police were unsuccessful and his whereabouts remain unknown.  Mr. Hernandez reported to APD officers as he and Grant were leaving his attorney's office, Grant went to the passenger side of his vehicle and opened the door as to get into the

5

passenger seat. Mr. Hernandez said Grant then threw his paperwork into the passenger seat and ran away. Mr. Hernandez stated Grant was wearing camouflage pants and a black puffy vest/jacket.

*Review of Grant's Jail Calls*

14. After learning of the escape by Grant, the FBI Safe Streets Task Force reviewed calls made by Grant from the Anchorage Jail. Law enforcement identified the following calls of relevance:

   a. On February 12, 2021 at about 7:20 p.m., Grant made a phone call to (907) 301-6941, the cell number provided by Carter on her third-party application. Grant asked the female who answered numerous questions about the layout of his attorney's office. The female on the call is believed to be Carter. She stated she had been to the attorney's office. Grant asked questions about what floor the office was one, where the bathroom was, etc. In this call, Carter mentioned a restaurant near Grant's attorney's office and Grant stated she should be there to "get him something to eat." Grant later referenced the 16th.

   b. Also on February 12, 2021, Carter told Grant in a recorded jail call that she was driving a Pontiac but it was not in good shape because it had been in a wreck.

c. In another call from Grant to (907) 301-6941, Grant asked Carter about the 5th Avenue Mall and if it is still open. He also commented/inquired about the parking garage.

d. February 15, 2021, at about 3:30 p.m., Grant made a phone call to (907) 301-6941. In the phone call Grant is talking with a female and is giving cryptic instructions about "Amanda" calling her phone at 4:00 with instructions on how to wrap the presents and telling the female she was going to have to pick something up. Grant also said he would see the female the next day.

e. Later on February 15, 2021, at about 6:52 p.m., Grant placed another phone call to (907) 301-6941 and spoke with the same female that he spoke with in the earlier conversation. At the end of the call Grant asked the female if she remembered everything and again said he would see her tomorrow.

*Review of Traffic Camera Footage*

15. On February 16 and 17, 2021, TFO Clark reviewed traffic camera footage from the area around 303 K Street, the location of Grant's attorney's office and the area from which Grant fled. On the traffic camera video, TFO Clark observed Grant run east on K Street to 3rd Avenue and down to I Street. Grant then ran south on I street to 5th Avenue. This area is only four blocks from the 5th Avenue Mall. An approximation of Grant's route is below:

7



*Surveillance of Subject Premises*

16. On February 16, 2021, a Pontiac sedan was observed parked in the parking area immediately outside the SUBJECT PREMISES. The license plate of the vehicle was KBU708. Photos of Carter's vehicle taken on February 16, 2021, are below:

8





9

17. A check of the Alaska Public Safety Information Network indicated this car was registered to Ivette Carter. A review of Ivette Carter's public Facebook profile information showed photos of Julissa Carter suggesting Ivette and Julissa are associated.

*Review of Traffic Camera Footage*

18. On February 17, 2021, I reviewed traffic camera footage from downtown Anchorage. I observed the following:

   a. At approximately 5:13 p.m., a white car resembling Carter's is seen waiting to make a left turn from I street onto 6th Avenue, and then later makes a turn onto 6th Avenue. A photo of that event is below:







b. At approximately 5:26 p.m., a vehicle that appears to be the same vehicle as what is shown above is seen in the area of 6th Avenue and C Street in downtown Anchorage.

19. A summary of Grant's and the white vehicle's movements is below:



**SEALING REQUEST**

20. It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the application and search warrant. I believe that prematurely disclosing this information could result directly affect the safety of law enforcement officers executing this arrest. Grant is known to possess firearms, and has been implicated in several shootings in

11

Anchorage in the past several years. In addition, public filing of this affidavit could result in the loss of evidence and may have a significant and negative impact on the continuing investigation and/or may severely jeopardize its effectiveness.

## CONCLUSION

21. For the foregoing reasons, I submit that there is probable cause to believe that JULISSA CARTER has committed violations of 18 U.S.C § 752(a), Instigating or Assisting an Escape, respectively; and 18 U.S.C. § 3146(a)(2) and 2, Failure to Appear.

JOLENE GOEDEN
Special Agent, FBI

Signed digitally and sworn telephonically this date:
Feb 17, 2021

MATTHEW M. S
United States Magistrate Judge
District of Alaska
Anchorage, Alaska